No. 7145.

## Lewis *v.* Wintrode, Adm'r.

DECEDENTS' ESTATES.—*Note and Mortgage of Decedent.—Decree of Fore-closure and Payment.—Action on Note by Endorsee.—Administrator Not Party to Foreclosure.—Defence.*—An administrator's answer to a complaint on his decedent's note, secured by mortgage, that, in an action by an endorsee W., against the heirs of his intestate and the mort-gagee only, without notice to the administrator, judgment for its amount was rendered and foreclosure decreed, and that, by request of the heirs, he paid the judgment to W. to remove the cloud thereof from the land, and that, pending the foreclosure proceedings, W. en-dorsed the note to the plaintiff, then and since a non-resident, but hav-ing notice of the proceedings, constituted a defence, without an aver-ment that the administrator did not have notice of the assignment of the note to plaintiff.

SAME.—*Merger.—Payment.—Demurrer.*—In such case, an answer that the note was still the property of W., that there was no consideration for the assignment to plaintiff, and that the note had been merged in the judgment and paid, although a commingling of several supposed de-fences, may be regarded, on demurrer, as a general answer of payment.

BILL OF EXCEPTIONS.—*Huntington Circuit Court.—March Term, 1877.*—A bill of exceptions filed April 20th, 1877, was not filed on or before the twentieth judicial day of the term of the Huntington Circuit Court, which began March 19th, 1877.

From the Huntington Circuit Court.

*L. P. Milligan* and *A. Moore*, for appellant.

*J. R. Coffroth*, for appellee.

NIBLACK, J.—This was a claim, filed by Hiram W. Lewis, against the estate of Elijah Snowden, deceased, of which Jacob Wintrode was the administrator. The claim was based upon a promissory note, executed on the 19th day of September, 1865, by the decedent, for the sum of six hundred dollars, and payable to one John S. Morris, of whom the plaintiff was a remote assignee. The defendant, Wintrode, as such administrator, answered in six paragraphs. The second paragraph was in general denial, and the rest set up special matters in defence. A separate demurrer to the special paragraphs of answer was sustained as to the third paragraph, and overruled as to the first, fourth, fifth and sixth paragraphs, upon which issue was joined. A trial by jury resulted in a verdict and judgment for the defendant.

Error is assigned upon the overruling of the demurrer to the first, fourth, fifth and sixth paragraphs of the answer, and upon the refusal of the court to grant a new trial upon the plaintiff's motion, after the return of the verdict.

The first paragraph of the answer averred that, at the time the decedent, Snowden, who had died intestate, executed the note, he also executed a mortgage to Morris, on a tract of land in Huntington county, to secure the payment of the note; that afterward Morris endorsed the note to one Thomas King, who endorsed it to one Charles H. Nix, who endorsed it to one Ira C. Whiting, through whom the plaintiff claimed title to the note; that afterward the said Whiting, while he was the owner and holder of the note, instituted proceedings in the Huntington Circuit Court to foreclose the mortgage given to secure it, as above stated, making the heirs at law of the decedent, Snowden, and Morris, the mortgagee, defendants, and the only defendants, to such proceedings; that the proceedings thus instituted re-

sulted in a judgment of foreclosure of the mortgage, and in a decree for the sale of the mortgaged lands, for the payment of the amount found to be due upon the note; that afterward it became necessary for the defendant, Wintrode, as such administrator, to sell the mortgaged. lands to pay the debts against the estate of the said Snowden; that the judgment of foreclosure was a cloud upon the title to, and an impediment to the sale of, said lands; that thereupon, by request of the heirs at law of the decedent, Snowden, the defendant, as such administrator, had paid said judgment of foreclosure to Whiting; that, while the foreclosure proceedings were pending, but before final judgment, Whiting endorsed the note to the plaintiff herein, who was then, and has since continued to be, a non-resident of this State, but who had notice of the pendency of such foreclosure proceedings; that the plaintiff gave to the heirs at law of the decedent, Snowden, no notice whatever of the endorsement of the note to him by Whiting.

The fourth paragraph averred that, at the time the note was filed against the estate of the decedent, Snowden, it was the property of Whiting, and not the property of the plaintiff; that the assignment of the note to the plaintiff by Whiting was without consideration, and conferred no title to the note on the plaintiff; that the note had been merged in the judgment of foreclosure, and had been fully paid before it had been filed as a claim in this action.

The fifth and sixth paragraphs were statements, in different forms, of the same defence set up in the first paragraph.

It is contended that the first paragraph of the answer was bad because it did not also aver that the defendant, as the administrator of Snowden, did not have notice of the assignment of the note by Whiting to the plaintiff. The defendant was not a party to the foreclosure proceedings, and, as the administrator of Snowden, was not a necessary party to those proceedings. For any purpose, therefore, con-

nected with the defence set up in this first paragraph, it was quite immaterial whether the defendant, as such adminis- trator, had or had not notice of the assignment of the note to the plaintiff.

Several objections are urged to the fourth paragraph of the answer, but we need not consider them in detail. It is sufficient to say that this paragraph was clearly an improper commingling of several supposed defences to the action, but that, as a general answer of payment, no objection to it has been suggested which was reached by the demurrer. The court might properly have required its allegations to have been made more specific before compelling issue to be joined upon it.

What we have said concerning the first paragraph prac- tically disposes of the objections made to the sufficiency of the fifth and sixth paragraphs of the answer, and obviates the necessity of any further reference to those paragraphs.

This cause was tried at the January term, 1877, of the court below, and time was given to the plaintiff until the twentieth judicial day of the next term in which to prepare and file a bill of exceptions. What purported to be a bill of exceptions, containing the evidence in the cause, was filed in the clerk's office on the 20th day of the ensuing April, and has been certified to us here as a part of the record upon which this appeal is prosecuted. With these facts be- fore us, it is insisted that the bill of exceptions was not filed in time, and hence did not become a part of the record.

We are judicially informed that the term of court which immediately succeeded the term at which this cause was tried began on Monday, the 19th day of March, 1877, and that the 10th day of the ensuing month of April constituted the twentieth judicial day of that term. The paper purporting to be the bill of exceptions was consequently not filed within the time limited by the court, and ought not to have been certified to us here as a part of the record. In this condi-

tion of the record, the questions which the plaintiff attempted to reserve at the trial are not properly before us.

We see no available error in the record.

The judgment is affirmed, with costs.